Case 3:22-mc-00014   Document 2   Filed on 10/21/22 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
October 21, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| SHEILA RENEE BELL, | § § | |
| Plaintiff, | § | |
| VS. | § | Misc. Action 3:22-MC-14 |
| | § | |
| SUZANNE SCHWAB RADCLIFFE, et al., | § § § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the court is the pro se plaintiff Sheila Renee Bell's motion to proceed *in forma pauperis* in her suit against Suzanne Schwab Radcliffe, Mark Henry, the Galveston County Medical Examiner's Office, Susan Baker, Cheryl Triplett, and Joyce Washington. Dkt. 1.

The *in forma pauperis* statute, codified at 28 U.S.C. § 1915, allows an indigent litigant to commence a civil or criminal action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against abuses of this privilege, the statute allows a district court to dismiss the case at any time if the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(b). "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective

defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S 319, 324 (1989).

The court construes documents filed by *pro se* litigants liberally, as "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Still, in the case of a motion to proceed *in forma pauperis*, the court has the authority to "pierce the veil of the complaint's factual allegations" and the "court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke,* 490 U.S. at 327).

Bell's *in forma pauperis* application is denied as it falls squarely within the ambit of § 1915(e)(2)(b). *First*, Bell did not complete her *in forma pauperis* application, as it lacks explanatory information in response to question #8 (to whom the debts and financial obligations are payable). *Second*, Bell fails to state a claim on which relief can be granted. The vast majority of the 205-page complaint, which the court has read in its entirety, relates to a child-custody case filed in state court in 2001. This is the ninth time that Bell has asserted those claims, and they were previously dismissed with prejudice in 2015 on Bell's eighth attempt to assert the claims. *Bell v.*

*County of Galveston*, No. 3:15-CV-0209, 2015 WL 13016010 (S.D. Tex. Aug. 7, 2015), *aff'd per curiam*, 628 F. App'x 295 (5th Cir. 2016). The court will not approve an application to file a complaint *in forma pauperis* that alleges claims that have already been dismissed with prejudice. Other parts of the complaint contain allegations about a probate case involving Christopher Bell and his mother's estate. *In re Katie Saxton Bell*, PR-57849 (Galveston Cnty. Prob. Ct. Jan. 27, 2003). Christopher Bell is not a party in this case, and even if he were, this court would not have jurisdiction over that matter.

*Finally*, parts of the complaint address a dispute over the disposition of Bell's father's body. That, too, was a probate matter over which this court has no jurisdiction. It was resolved in 2018 when the Galveston County probate court determined the right to control the disposition of Cornelius Wilson's remains belonged to Kayla Wilson. *In re Cornelius P. Wilson*, PR-0078380 (Galveston Cnty. Prob. Ct. July 24, 2018).

Accordingly, the court denies the plaintiff's application to proceed *in forma pauperis* and dismisses this miscellaneous proceeding with prejudice.

Further, Bell is instructed that she may not reassert the claims related to the 2001 family-law case, as those claims have already been dismissed with prejudice. If she asserts those claims for a tenth time, the court will

sanction her or enjoin her for being a vexatious litigant. The court has the power to "impos[e] sanctions against vexatious litigants—even those appearing *pro se*—for raising a patently frivolous legal argument or continuing to engage in meritless litigation." *Bell*, 2015 WL 13016010 at *5. The court also has the power to enjoin vexatious litigants under 28 U.S.C. § 1651 to deter those who have a history of filing "litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 188 (5th Cir. 2008). Bell has become a vexatious litigant and further abuse of the court's resources will not be tolerated.

    Signed on Galveston Island this 21st day of October, 2022.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE